UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. RAY, | ) 1:11-cv—00127-LJO-SKO-HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS THE PETITION FOR FAILURE |
| | ) TO PROSECUTE AND FOLLOW A COURT |
| v. | ) ORDER (Docs. 1, 7) |
| | ) |
| ATTORNEY GENERAL OF THE STATE | ) FINDINGS AND RECOMMENDATIONS TO |
| OF CALIFORNIA, | ) DECLINE TO ISSUE A CERTIFICATE OF |
| | ) APPEALABILITY |
| Respondent. | ) |
| | ) |

   Petitioner is a state prisoner proceeding in forma pauperis and pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the petition filed by Petitioner on January 3, 2011.

   I.   Failure to Prosecute and Follow an Order of the Court

   On February 4, 2011, the Court found that Petitioner had failed to name a proper respondent.  The Court granted Petitioner leave to file an amendment to the petition to name a proper respondent within thirty days of service, and informed Petitioner

1

1 that the failure to amend the petition to name a proper
2 respondent would result in a recommendation that the petition be
3 dismissed for lack of jurisdiction.
4     The order was served by mail on Petitioner on February 4,
5 2011. Although more than thirty days have passed since the
6 service of the Court's order, Petitioner has not filed an
7 amendment of the petition to name a proper respondent or timely
8 sought an extension of time in which to do so.
9     Local Rule 110 provides that "...failure of counsel or of a
10 party to comply with these Rules or with any order of the Court
11 may be grounds for the imposition by the Court of any and all
12 sanctions... within the inherent power of the Court." District
13 courts have the inherent power to control their dockets and "in
14 the exercise of that power, they may impose sanctions including,
15 where appropriate... dismissal of a case." Thompson v. Housing
16 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an
17 action, with prejudice, based on a party's failure to prosecute
18 an action, failure to obey a court order, or failure to comply
19 with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54
20 (9th Cir. 1995) (dismissal for noncompliance with local rule);
21 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
22 (dismissal for failure to comply with an order requiring
23 amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41
24 (9th Cir. 1988) (dismissal for failure to comply with local rule
25 requiring pro se plaintiffs to keep court apprised of address);
26 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
27 (dismissal for failure to comply with court order); Henderson v.
28 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since January 2011. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order directing Petitioner to file an amendment expressly informed Petitioner that a failure to comply with the order would result in a recommendation that the petition

be dismissed.  (Doc. 7, 3-4.)  Thus, Petitioner received adequate warning that dismissal would result from his noncompliance with the Court's order.

II.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id. It is necessary for an applicant to show more than an absence of

frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

III. Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED for pursuant to Local Rule 110 for Petitioner's failure to comply with the Court's order and to prosecute this action; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

5

and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 1, 2011**                    **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE